## Penobscot Boom Corporation *vs.* Barzillai Brown.

Where a witness is not present, and the other evidence in the case makes it appear that he might have been a material witness, testimony to show that such witness was absent from the State, and could not be obtained, is admissible.

In an action by a corporation to recover payment for the boomage of logs, evidence that individual members of the corporation had brought an action in their own names against a third person, under a liability similar to that of the defendants, is irrelative and inadmissible.

Exceptions from the Court of Common Pleas, Perham J. presiding.

The main questions in this case were similar to those between the same plaintiff and *Lamson, ante p.* 224. The facts bearing upon the objection to the admission of testimony, are stated in the opinion of the Court. The exceptions make this statement in regard to the writ. The defendant offered in evidence a writ, *Dwinal* and *Veazie* v. *Charles Fiske,* dated *Sept.* 22, 1834, returnable to the next term of the Court of Common Pleas, claiming of *Fiske* \$107,66 for boomage of logs for the year 1832. This was objected to by the plaintiffs' counsel, and it not appearing to the Court, that *Veazie* ever consented to, or authorized, or knew of the suit, it was not received in evidence.

*Rogers,* for the defendant.

*A. G. Jewett,* for the plaintiff.

The opinion of the Court was by

Shepley J. — The exceptions taken in this case, which have not been decided in the case against *Lamson,* relate to the admission of the testimony of *Greely,* to portions of that of *Young,* and to the exclusion of the copy of the writ, *Dwinal* and *Veazie* v. *Charles Fiske.* The testimony of *Greely* appears to have been introduced to prove, that *Hunnewell,* who measured the logs, was absent from the State, for the purpose of enabling the plaintiff to introduce his survey book, or some other secondary evidence ; but when the book was offered, it was not admitted, nor any other testimony, which could not have been legally admitted without it. It

could have had no other influence than to account for the absence of such testimony as might otherwise have been expected.

The testimony of *Young* upon the same subject was confined to facts within his own knowledge and so far as it might tend to prove the quantity of logs and amount of toll was not liable to any objection. The testimony does not appear to have been of a character to be very satisfactory, but any defect might have been supplied by other testimony not reported; and the question here is not upon the effect of the testimony, but whether it was legally admitted.

The writ against *Fiske* does not appear to relate to the matter in contest between these parties, and it could have had no influence upon the question respecting the existence of the corporation, or upon any other question reserved, and it was therefore properly excluded.

*Exceptions overruled.*